UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CREDIT SUISSE VELOCITYSHARES DAILY
INVERSE VIX SHORT TERM EXCHANGE TRADED
NOTES SECURITIES LITIGATION                                        MDL No. 2857

ORDER DENYING TRANSFER

**Before the Panel**:[*]  Defendants Credit Suisse[1] and Janus Index & Calculation Services LLC (Janus) jointly move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York. This litigation currently consists of three actions consolidated for all purposes in the Southern District of New York and one action in the Northern District of Alabama, as listed on Schedule A. Plaintiff in one action on the motion (*Eisenberg*) states that he does not oppose centralization and, in the event an MDL is established, agrees that the Southern District of New York is appropriate. Plaintiffs in the Northern District of Alabama action (*Halbert*) oppose centralization. If an MDL is established over their objection, they suggest the Southern District of New York.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The actions unquestionably share common factual allegations arising from the February 5, 2018, collapse in value of Credit Suisse's VelocityShares Daily Inverse VIX Short Term Exchange Trade Notes (ETNs), and their liquidation later that month. In particular, plaintiffs in all actions allege that defendants made false and misleading representations in their offering documents, failed to provide accurate real time intraday valuations of the ETNs as represented in the offering documents, and thus caused plaintiffs to purchase the ETNs at artificially inflated prices and suffer significant losses when the value of the ETNs collapsed. But where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving defendants have failed to do so here.

There are effectively only two actions in this litigation – the consolidated action in the Southern District of New York and the *Halbert* action in the Northern District of Alabama. The number of involved counsel is correspondingly limited. The Credit Suisse defendants are represented by the same counsel in all actions, as is defendant Janus. On the plaintiffs' side, lead

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Credit Suisse AG, Credit Suisse Group AG, and their alleged officers David R. Mathers and Tidjane Thiam.

-2-

counsel have been appointed for plaintiffs in the Southern District of New York consolidated action, and plaintiffs' counsel in *Halbert* has represented that he will voluntarily coordinate overlapping discovery, including depositions of common witnesses. Given the minimal number of involved counsel and actions, informal coordination of discovery and pretrial motions is practicable and preferable to centralization. *See, e.g., In re: ForceField Energy, Inc., Secs. and Derivative Litig.*, 154 F. Supp. 3d 1351, 1352 (J.P.M.L. 2015).[2]

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

---

[2] We considered whether the factual issues in this litigation significantly overlap with the issues in *In re: Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litig.*, MDL No. 2842, — F. Supp. 3d —, 2018 WL 3014955, at *1 (J.P.M.L. June 14, 2018). Based on the supplemental briefing submitted by the parties, and the representations of defense counsel at oral argument, we have determined that the issues in MDL No. 2842 do not bear on the question of centralization of the Credit Suisse securities action currently before the Panel. In particular, at oral argument, counsel for Credit Suisse represented that Credit Suisse will not argue that the alleged conspiracy to manipulate the VIX in MDL No. 2842 was a cause of plaintiffs' alleged losses in the Credit Suisse securities actions – i.e., a confounding cause relevant to loss causation.

**IN RE: CREDIT SUISSE VELOCITYSHARES DAILY
INVERSE VIX SHORT TERM EXCHANGE TRADED
NOTES SECURITIES LITIGATION**  MDL No. 2857

## SCHEDULE A

<u>Northern District of Alabama</u>

HALBERT, ET AL. v. CREDIT SUISSE AG, ET AL., C.A. No. 2:18-00615

<u>Southern District of New York</u>

CHAHAL v. CREDIT SUISSE GROUP AG, ET AL., C.A. No. 1:18-02268
EISENBERG v. CREDIT SUISSE AG, ET AL., C.A. No. 1:18-02319
QIU v. CREDIT SUISSE AG, ET AL., C.A. No. 1:18-04045